## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE TINSLEY,               :

        Petitioner,        :      **CRIMINAL NO. 03-798**

        v.            :

                  :      **CIVIL NO. 08-313**

UNITED STATES OF AMERICA,   :

        Respondent.      :

### MEMORANDUM OPINION

**Tucker, J.**                                        **December \_\_\_, 2009**

      Presently before this Court is Petitioner's *Habeas Corpus* Petition to Vacate/Set Aside/Correct Sentence filed under 28 U.S.C. § 2255 (Doc. 78), the Government's Response (Doc. 83), and Petitioner's Reply thereto (Doc. 85). Petitioner challenges his convictions on the grounds that his Sixth Amendment right to effective assistance of counsel was violated when his attorney allegedly failed to investigate or interview a potential witness. For the reasons stated below, the Court will deny Petitioner's Motion.

### FACTUAL BACKGROUND

      Petitioner was arrested and charged with violating three laws: 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime; 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition; and 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base (crack). Petitioner was arrested after being stopped by police officers familiar with the fact that Petitioner was driving with a license which had been suspended for driving under the influence ("DUI"). Police found 15.5 grams of crack cocaine in his pocket. Police also found a loaded semi-automatic machine pistol which belonged to Petitioner's former girlfriend, Maja Lumpkin.

Petitioner retained an attorney, Daniel McCaugan, who was replaced by an order of the Court due to a potential conflict of interest. The Court appointed David M. Kozlow to represent Petitioner. Kozlow represented Petitioner throughout the trial and appeal.

Petitioner informed Kozlow that the pistol he was charged with carrying was owned by Lumpkin and that she might be able to offer testimony as to Petitioner's reason for wanting to borrow the gun. According to Petitioner, Lumpkin could have testified that Petitioner asked to borrow the gun because he was afraid for his life after being involved in a fight at a nightclub and receiving threatening phone calls. Although Kozlow did not interview Lumpkin personally, he reviewed the notes of an interview with Lumpkin conducted by a Detective Quinn and a Defenders Association Investigator. Additionally, Kozlow reviewed Quinn's report, along with a videotape of the interview. After reviewing this information, Kozlow decided not to call Lumpkin to testify, but rather the defense did present the testimony of Kadedra Holmes, Petitioner's niece, who had been with Petitioner at the nightclub during the fight.

At trial the government used the testimony of Detective Christopher Lee, a drug trafficking expert, to establish the intent element of the charges in question. Detective Lee presumed that the pistol was meant to protect the drugs and money based on the value of the drugs, and drug dealers' general need to protect themselves. However, Petitioner now contends that he hoped that the combined testimony of Holmes and Lumpkin would have shown an alternative motivation for carrying the pistol which he believes could have negated the mens rea element of the § 924(c) charge.

On July 16, 2004, Petitioner was convicted on all three counts and sentenced to a total of 197 months in prison followed by eight years of supervised release and a $3000 fine. On appeal counsel

raised two challenges to the conviction. First, he argued that the Court's disqualifying Petitioner's retained counsel was reversible error. Second, he argued that the Court committed reversible error by excluding the testimony from Holmes that Petitioner had received threatening phone calls since this could impact Petitioner's state of mind. On March 27, 2006, the Court of Appeals for the Third Circuit affirmed the convictions, and the Supreme Court of the United States denied the petition for certiorari on January 22, 2007.

On January 17, 2008, Defendant filed a timely § 2255 petition alleging ineffective assistance of counsel on the grounds that counsel allegedly failed to investigate or interview Maja Lumpkin and that rulings during trial allegedly violated Fed. R. Evid. 403, 404, and 704(b). On October 27, 2009, this Court held an evidentiary hearing solely to address the issue of counsel's alleged failure to investigate or interview Maja Lumpkin.[1]

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of the Court, who believes that the sentence was imposed in violation of the Constitution or laws of the United States,

---

[1] Petitioner alleges that counsel was ineffective for failure to challenge a trial ruling that an officer's testimony regarding Petitioner's previous DUI charge was admissible and did not violate Fed. R. Evid. 403 and 404. Petitioner alleged that this testimony violated the rules because it was offered to show his propensity to commit dangerous acts. The Court disagrees.

The brief mention of Petitioner's previous DUI was admissible testimony, as it demonstrated that the police had a reason to stop Petitioner on the night of his arrest. Furthermore, because the testimony regarding the DUI was brief, it was not unduly prejudicial.

Petitioner also alleges that counsel was ineffective for failure to challenge the testimony of an expert witness regarding a hypothetical factual scenario, on the grounds that Rule 704(b) prohibits expert witness testimony or opinion regarding whether a defendant had the requisite mental state constituting an element of the crime charged or of a defense thereto.

Here, the Court finds Petitioner's argument unpersuasive. Provided that the expert does not offer an opinion regarding the intent of the defendant himself, an expert may testify that a seized quantity of drugs is consistent with distribution once a proper foundation has been laid. United States v. Watson, 260 F.3d 301 (3d Cir. 2001). Therefore, the Court finds that the testimony in question was admissible, and counsel was not ineffective for deciding not to challenge this testimony.

or believes that the sentence is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. Relief for a habeas corpus petition is proper where judgment was made without jurisdiction, the sentence was not authorized by law, or the prisoner has suffered an infringement of constitutional rights.

**DISCUSSION**

Petitioner alleges that he received ineffective assistance of counsel from his attorney when counsel allegedly failed to investigate or interview potential witness, Maja Lumpkin. However, the Government maintains, and this Court agrees, that Petitioner has not satisfied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

In Strickland, the Supreme Court of the United States established that in order for a defendant to prove ineffective assistance of counsel, he must satisfy a two (2) part test. 466 U.S. at 687. First, the defendant must demonstrate that his counsel's performance was deficient such that the attorney was not functioning as required by the Sixth Amendment right to counsel. Id. Second, the deficient performance must prejudice the defendant such that the defendant was deprived of a fair trial. Id. To prove prejudice, the defendant must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 692. The Petitioner bears the heavy burden of overcoming the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, the United States Court of Appeals for the Third Circuit has stressed that the second part of the Strickland test should be evaluated first. See McAleese v. Mazurkiewicz, 1 F.3d 159 (3d Cir. 1993); United States v. Fulford, 825 F.2d 3 (3d Cir. 1987); McNeil v. Cuyler, 782 F.2d 443 (3d Cir. 1986).

Evaluating the second part of the <u>Strickland</u> test first as urged by the Third Circuit, Petitioner has clearly failed to establish that counsel's decision not to call Lumpkin amounted to ineffective assistance of counsel.

To begin, an attorney's decision not to call a witness is a matter of trial strategy and will not support a claim of ineffective assistance unless the movant clearly overcomes the strong presumption of effectiveness. <u>Strickland</u>, at 689-90; <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir. 1996).

Next, while Kozlow did not personally interview Lumpkin, he clearly did investigate her utility as a potential witness. Testimony at the October 29, 2009 evidentiary hearing established that Kozlow reviewed the investigator's interview, and Detective Quinn's notes and report, as well as a videotape of the investigator's interview with Lumpkin. In addition, Kozlow testified that Lumpkin and Petitioner had several domestic disputes where police were called to the scene, and consequently, had to consider not only how these facts could emerge during cross-examination, but also Lumpkin's potential hostility towards Petitioner.

Moreover, Kadedra Holmes, Petitioner's niece, was called to testify, and was able to testify to essentially identical facts, specifically, Petitioner's claim that he possessed the gun because he feared for his safety after the night club incident. During the evidentiary hearing, Kozlow testified that Holmes had been a stellar student, and was preparing for military duty in Iraq. Counsel further stated that, contrary to Lumpkin, Holmes had an impeccable background, and as a result, was a far superior choice for a witness. This Court agrees. Calling Lumpkin as a witness would have provided the Government with unnecessary ammunition during cross-examination, whereas no such risk existed with the testimony of Holmes. Therefore, Kozlow's decision not to call Lumpkin to

testify was not only strategic, but sound and reasonable, and does not amount to ineffective assistance.

Petitioner argues that Kozlow's investigation was inadequate because he was not present for Detective Quinn's interview with Lumpkin, and further asserts that there is no document signed by counsel and Petitioner which reflects Petitioner's consent not to call Lumpkin as a witness. However, Kozlow testified that it is his practice to discuss such decisions with a client and that he firmly believes that Petitioner understood that Lumpkin was not being called. Based on this testimony, the Court is satisfied that Petitioner understood and agreed with counsel's decision at that time, even if Petitioner now holds an opposite opinion.

In addition, the jury in Petitioner's case was charged with determining whether Petitioner's possession of a weapon was due, at least in part, to use in furtherance of drug distribution. The jury did ultimately determine that Petitioner's possession of the weapon was at least in part for that purpose, meaning that even after considering any evidence tending to show that Petitioner held the weapon out of fear for his safety, they found that he also possessed the gun in connection with drug distribution.

Ultimately, the Court finds that counsel's decision not to call Lumpkin to testify was a tactical one which was within counsel's discretion, and one which did no harm to Petitioner. Therefore, Petitioner cannot satisfy the requisite test, and the Court will deny his petition.